UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Danielle R. Krozek

Case No. 16-50749-PJS
Chapter 13
HON. Phillip J. Shefferly

Debtor(s).
_____/

**MOTION FOR A FINDING OF "CAUSE" PURSUANT TO 11 USC 349(b)AND/OR
TO ENTER JUDGMENT AGAINST DEBTOR**

NOW COMES Charles J. Schneider P.C., and hereby states to this Honorable Court as follows:

1. This motion is brought for the purpose of obtaining an Order determining that "cause" exists to overcome the re-vesting provision of 11 U.S.C. § 349(b)(3), thus ensuring disbursement of funds on hand with the Chapter 13 Trustee to satisfy allowed administrative expense claims prior to funds being refunded to the Debtor, consistent with 11 U.S.C.§ 1326(a)(2).

2. Debtor filed her Chapter 13 Bankruptcy petition on July 29, 2016.

3. The case was confirmed on April 13, 2017.

4. An Application for fees was filed with the court in the amount of $2,087.58 on March 21, 2018.

5. Debtor filed a letter of objection to the undersigned attorney's request for fees on April 10, 2018.

6. A hearing date was scheduled for May 8, 2018 for the Debtor's attorneys fee application.

7. The undersigned counsel filed a response to Debtor's objection to the fee application with the court on April 17, 2018 containing the following comments.

   1. The Debtor states that her lease was ending soon in July although it in ended in Jan. 2018. The motion to incur the debt was filed timely on 11/28/2017 (Docket # 96). Although she was personally challenged in doing her job which was to provide the terms of the loan as well as income verification, the Debtor received approval to incur the car loan debt in time on 12/19/2017 (Docket # 99) to purchase her new vehicle in Jan. 2018 which she did. The work that was done to obtain approval by my office was done in a timely and efficient manner despite the impediments that had to be overcome by

1

the chapter 13 Trustee. Inasmuch as the Debtor's goal was obtained, it appears that her objection cannot be sustained by the Court. This approval was part of what was accomplished and contained in the fee application. Contained therein was also a plan modification permitting the Debtor to retain her 2016 Federal Income tax refund in the amount of $7,146.00. The order modifying her plan also required that she file an amended schedule I and provide the same to the Trustee's office with proof of income supporting the modification by December 1, 2017 (Docket # 97). This was accomplished in a timely manner due to our efforts.

    2.    Contrary to the implied time line of the Debtor, another modification of the plan payment would be premature without the Court's prior approval of the car purchase if it was based on the new direct payment of a purchased vehicle. Debtor did not want her car payment removed so much as to reduce her plan payments to the Trustee by the amount of the car payment. The modification that she sought has been recently granted by the Court by order dated April 10, 2018. (Docket #111)

    3.    According to the Debtor's own admission, the documentation to be provided for plan modification was not provided until on or about 2/14/2018. There was no "working out a plan modification" until those documents were provided. The Debtor's expectation had been that she would receive a dollar for dollar payment reduction to her plan payment based on her former car payment. This was not so after the documentation as provided was used. The inability to reduce Debtor's chapter 13 plan payment, beyond the relief recently obtained, stems from the plan funding requirements imposed by Debtors residential and non-residential mortgages.

    4.    Debtor's modification to excuse income tax refunds in the amount of $7,146.00, her amendments to the I & J schedules and the previous filing of a motion to dismiss by the UST drew the scrutiny of the chapter 13 Trustee's office as the Debtor has continuously earned in access of $100,000.00 in each of her past three years. Her gross income from employment thus far this year has been $8,807.76 or $105,693.12 per year. Her 2017 income was at $101,619.03. (See attached Exhibit "1") The Trustee has only recently requested updated pay stubs once again.

    5.    The Debtor has always chafed at her decision to convert her case from a chapter 7 wherein she faced an 11 USC § 707 (b)(3) Motion To Dismiss. She has continuously campaigned this office to reconvert her case from a chapter 13 to a chapter 7. Only recently, she requested that our office convert the case for free although it appeared that she may have retained other counsel. We understand that she has shopped around for other counsel to agree with her opinion that she can reconvert without any problems and may have hired such counsel. We believe that this the source of the Debtor's objection and not the timeliness or attentiveness of counsel. She feels that we have not served her by sharing her opinion and therefore ought not to be paid.

    6.    As an additional source of ire with our representation, she has continuously experienced tenants who are not paying rent payments on her non-residential property. The mortgage on her non-residential property is provided for in her chapter 13 plan. She continues to suffer from not making her living expenses for this reason. She blames our office for this. Her financial hardship is a result of her decision to retain the non-residential property and not a delay in reducing her plan payments. She continues to subsidize the investment because she perceives she will be able to sell it for a profit. She has been advised by others that she will be able to retain the proceeds from the sale, after a reconversion of her chapter 13 case. We do not share that opinion. She feels that we have not served her by sharing her opinion and therefore ought not to be paid.

    7.    Another source of her objection is that we do not share her strategy to pay

down the large student debt load separate and apart from other creditors by selling her improved non-residential property.

8. Numerous conversations were had over the phone about the non-residential mortgage driving the funding requirements of the Plan and that relief would be obtained only if the rental were no longer requiring a monthly payment.

9. Recently we found out that she failed to disclose a purebred dog for which she was selling puppies for $600 to $800 to supplement her income. She has also chafed at our concern for the honesty of her schedules. She feels rebuked by the concern we shared with her and therefore ought not to be paid.

10. If the Debtor's phone messages were not responded to as quickly as she demanded, it was because I am told by my staff she refused to speak to the undersigned counsel despite my availability and would demand only that Mr. Chambers from my office respond, although I am her attorney of record. He is often at court and hence not always available to immediately attend her demands.

8. In lieu of appearing in court to defend her allegations, the Debtor has sought to circumvent the approval and payment of our fees by filing the within Motion for Voluntary Dismissal of Bankruptcy case on April 23, 2018.

9. 11 U.S.C. §349(b)(3) provides that dismissal "re-vests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title"..."unless the Court, for cause, orders otherwise." (emphasis added).

10. The undersigned counsel believes that cause exists when the Debtor has proceeded in bad faith by deliberately creating legal fees for which she had no intention of paying.

11. In this Court's opinion, *In re Bateson,* the Court stated that "The Court's holding is not intended in any way to limit the facts that might demonstrate cause under § 349(b)(3) to warrant the Court 'ordering otherwise,'" *In re Bateson,* Case No. 13-55057, U.S. Bankruptcy Court, E.D. Michigan, Southern Division, June 23, 2016 (unpublished opinion).

12. Since this Court has entered its Order approving the undersigned counsel's post-confirmation attorney fees and costs on May 8, 2018 (Docket # 135), there has been no payment by the Debtor of said fees and it appears unlikely that the Debtor will pay the fees as the Debtor is seeking her dismissal of her case by the Court. There may yet be attorney fees and costs that remain unpaid.

13. Pursuant to this Court's authority under 28 U.S.C. § 157, the undersigned counsel requests that this Court enter its Judgment against the Debtor to the extent that the attorney fees and costs in the amount of $2,087.58 previously ordered by this Court to be paid.

Wherefore Debtor requests the entry of an Order determining that "cause" exists to overcome the re-vesting provision of 11 U.S.C.§349(b)(3) and that the Chapter 13 Trustee may pay the undersigned counsel from the awarded attorney fees and costs and that a Judgment will be entered against the Debtor to the extent that the undersigned counsel is not paid the full amount of his awarded attorney fees.

/s/  CHARLES J. SCHNEIDER
CHARLES J. SCHNEIDER (P27598)
NICHOLAS D. CHAMBERS (P72084)
NICOLE M. WESTLAKE (P80717)
Attorney for Debtor(s)
39319 Plymouth Rd., Ste. 1
Livonia, MI 48150
(734) 591-4890
notices@cschneiderlaw.com

Dated:  May 14, 2018

IN RE:

    Danielle R. Krozek

                                                 Case No. 16-50749-PJS
                                                 Chapter 13
                                                 HON. Phillip J. Shefferly

              Debtor(s).

_____/

**PROPOSED ORDER GRANTING MOTION FOR A FINDING OF "CAUSE" PURSUANT TO 11 USC 349(b)349(b)AND/OR TO ENTER JUDGMENT AGAINST DEBTOR**

      Having read MOTION FOR A FINDING OF "CAUSE" PURSUANT TO 11 USC 349(b)349(b)AND/ORTO ENTER JUDGMENT AGAINST DEBTOR, the Court finding that the relief sought is in accordance with the bankruptcy code and the Court being otherwise sufficiently advised in the premises;

      **IT IS ORDERED** that "cause" exists to overcome any revesting effect of 11 USC 349(b)(3) and the Chapter 13 Trustee shall deduct and pay any unpaid administrative claim (including attorney fees awarded) from funds on hand;

      **IT IS FURTHER ORDERED** that to the extent that the attorney fees and costs awarded by this Court's First Order Awarding and Approving Payment of Post-Confirmation Attorney Fee Application as an Administrative Expense Through Chapter 13 Plan Pursuant to E.D. Mich. LBR 9014-1 AND 2016-1(a) From 04/14/2017 Through 03/02/2018 entered on May 8, 2018 are not paid by the Chapter 13 Trustee, Judgment is awarded by this Court to the law firm of Charles J. Schneider, P.C. in the amount of $2,087.58.

                                                       EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

    Danielle R. Krozek

                                        Case No. 16-50749-PJS
                                        Chapter 13
                                        HON. Phillip J. Shefferly

                Debtor(s).
_____/

**NOTICE OF MOTION FOR A FINDING OF "CAUSE" PURSUANT TO 11 USC 349(b AND/OR TO ENTER JUDGMENT AGAINST DEBTOR**

Charles J. Schneider P.C., administrative claim holder herein, by and through its attorney, CHARLES J. SCHNEIDER, has a motion with the court for a finding of cause pursuant to 11 USC 349(b) and/or to enter Judgment against Debtor.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the motion to incur post petition debt, or if you want the court to consider your views on the motion, within FOURTEEN (14) days from the date of service of this motion, you or your attorney must:

1. File a written response or an answer explaining your position with[1]:

United States Bankruptcy Court 211 West Fort Street, Suite 2100 Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the **FOURTEENTH (14th)** day from the date of service of this motion.

You must also send a copy to:

| | |
|---|---|
| Charles J. Schneider | David W. Ruskin (P26803) |
| Attorney for Debtor(s) | Chapter 13 Standing Trustee |
| 39319 Plymouth Rd., Suite 1 | 26555 Evergreen Rd, 1100 Travelers Tower |
| Livonia, MI 48150 | Southfield, MI 48076 |

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

1

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought and may enter an order granting that relief.**

/s/ Charles J. Schneider
CHARLES J. SCHNEIDER (P27598)
NICHOLAS D. CHAMBERS (P72084)
NICOLE M. WESTLAKE (P80717)
Attorney for Debtor(s)
39319 Plymouth Rd., Ste. 1
Livonia, MI 48150
(734) 591-4890
notices@cschneiderlaw.com

Dated: May 14, 2018

EXHIBIT 2

2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

    Danielle R. Krozek

                                      Case No. 16-50749-PJS
                                      Chapter 13
                                      HON. Phillip J. Shefferly

                Debtor(s).

_____/

## **PROOF OF SERVICE**

Patricia A. Henderson, certifies that she is employed by the Law Office of Charles J. Schneider, P.C., and that on May 14, 2018, she served a copy of MOTION FOR A FINDING OF "CAUSE" PURSUANT TO 11 USC 349(b) ) AND/OR TO ENTER JUDGMENT AGAINST DEBTOR, NOTICE OF MOTION FOR A FINDING OF "CAUSE" PURSUANT TO 11 USC 349(b) ) AND/OR TO ENTER JUDGMENT AGAINST DEBTOR, and proposed ORDER to:

David W. Ruskin (P26803)
Chapter 13 Standing Trustee
26555 Evergreen Rd 1100 Travelers Tower
Southfield MI 48076

Danielle R. Krozek
13712 Imperial Ct.
Sterling Heights, MI 48312

William C. Babut
Attorney for Debtor
700 Tower Dr.
Ypsilanti, MI 48198

all parties indicated on the attached dated court matrix

Electronically pursuant to the court notice of service and to those not electronically registered by placing documents in an envelope, correctly addressed and placing same in the U.S. Mail with postage prepaid.

                                                        /s/Patricia A. Henderson
                                                      Patricia A. Henderson
                                                      LAW OFFICE OF CHARLES J. SCHNEIDER, P.C.
                                                      39319 Plymouth Rd., Ste. 1
                                                      Livonia, MI 48150
                                                      (734) 591-4890
                                                      notices@cschneiderlaw.com

                                      EXHIBIT 4

1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0645-2<br>Case 16-50749-pjs<br>Eastern District of Michigan<br>Detroit<br>Mon May 14 10:06:09 EDT 2018 | William C. Babut<br>700 Towner Street<br>Ypsilanti, MI 48198-5724 | Adam Berman<br>251 Diversion Street<br>Rochester, MI 48307-2209 |
| Best Buy/CBNA<br>P. O. Box 6497<br>Sioux Falls, SD 57117-6497 | Capital One<br>Attn: Officer for receipt of Process<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Carrington Mortgage<br>1600 S. Douglas Rd.<br>Ste 200A<br>Anaheim, CA 92806-5951 |
| Carrington Mortgage Services, LLC<br>1600 South Douglass Road<br>Anaheim, CA 92806-5951 | Carrington Mortgage Services, LLC<br>c/o Johnson, Blumberg, & Associates, LLC<br>5955 West Main Street, Suite 18<br>Kalamazoo, MI 49009-8700 | Nicholas Donithorne Chambers<br>39319 Plymouth Road<br>Suite 1<br>Livonia, MI 48150-1059 |
| Chase<br>Attn: Officer for receipt of Process<br>PO Box 15298<br>Wilmington, DE 19886-5298 | Citi Cards<br>Attn: Officer for receipt of Process<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 | Comenity Capital Bank<br>Bankruptcy Department<br>P.O. Box 183003<br>Columbus, OH 43218-3003 |
| Credit Management, LP<br>Attn: Officer for receipt of Process<br>4200 International Parkway<br>Carrollton, TX 75007-1912 | Fidelity Institutional<br>Retirement Services Company<br>100 Crosby Parkway<br>Covington, KY 41015-4325 | Ford Motor Credit<br>PO Box 542000<br>Omaha, NE 68154-8000 |
| (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | Jill M. Gies (UST)<br>211 W. Fort St.<br>Ste. 700<br>Detroit, MI 48226-3263 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Kenneth J. Johnson<br>39 South LaSalle Street<br>Suite 400<br>Chicago, IL 60603-1626 | Kilpatrick & Associates, P.C.<br>903 N. Opdyke<br>Suite C<br>Auburn Hills, MI 48326-2693 | Danielle R Krozek<br>13712 Imperial Ct.<br>Sterling Heights, MI 48312-3314 |
| Michigan First Credit Union<br>27000 Evergreen Road<br>Lathrup Village, MI 48076-3231 | Michigan First Credit Union<br>Attn: Officer for receipt of Process<br>7700 Puritan Ave.<br>Detroit, MI 48238-1232 | Northeast Surgical Group<br>17375 Hall Road<br>Sterling Heights, MI 48312 |
| Quicken Loans<br>1050 Woodward Ave<br>Detroit, MI 48226-1906 | Quicken Loans Inc.<br>635 Woodward Ave<br>Detroit, MI 48226-3408 | David Wm Ruskin<br>26555 Evergreen Rd Ste 1100<br>Southfield, MI 48076-4251 |
| SYNCB/Art Van<br>P.O. Box 965036<br>Orlando, FL 32896-5036 | SYNCB/Bank Care<br>PO Box 965036<br>Orlando, FL 32896-5036 | SYNCB/Lowes<br>P.O. Box 965005<br>Orlando, FL 32896-5005 |

| | | |
|---|---|---|
| SYNCB/Mohawk<br>C/O Box 965036<br>Orlando, FL 32896-0001 | SYNCB/Value City Furniture<br>PO Box 965036<br>Orlando, FL 32896-5036 | St. John Providence<br>22639 N. 17th Avenue<br>Phoenix, AZ 85027-1303 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 | U.S. Attorney<br>Attn: Civil Division<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226-3220 | (p)U S DEPARTMENT OF EDUCATION<br>P O BOX 5609<br>GREENVILLE TX 75403-5609 |
| US DEPT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON WI 53708-8973 | United States Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0009 | Wells Fargo<br>PO Box14517<br>Des Moines, IA 50306-3517 |
| Wells Fargo Bank N. A.<br>PO Box 10438<br>Des Moines, IA 50306-0438 | Tamara A. White<br>28366 Franklin Road<br>Southfield, MI 48034-5503 | eCAST Settlement Corporation<br>PO Box 29262<br>New York NY 10087-9262 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Ford Motor Credit Company<br>Attn: Officer for receipt of Process<br>National Bankruptcy Service Ctr<br>PO Box 537901<br>Livonia, MI 48153 | (d)Ford Motor Credit Company LLC<br>Dept 55953<br>P O Box 55000<br>Detroit MI, 48255-0953 | U.S. Department of Education<br>Debt Collection Service<br>San Francisco Service Center<br>50 Beale Street, #8629<br>San Francisco, CA 94705 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Carrington Mortgage Services, LLC | (u)Citicards | (u)Ford Motor Credit Company LLC |
| (u)Daniel M. McDermott | (u)Michigan First Credit Union | (d)Michigan First Credit Union<br>27000 Evergreen Road<br>Lathrup Village, MI 48076-3231 |
| (u)Quicken Loans Inc | (d)U.S. Attorney<br>Attn: Civil Division<br>211 W. Fort St., Ste. 2001<br>Detroit, MI 48226-3220 | (d)U.S. Department of Education<br>PO Box 5609<br>Greenville, TX 75403-5609 |